**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 45**

Docket No. DC-0714-20-0417-I-1

**Willie Davis,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

December 14, 2022

Edward H. Passman, Esquire and Nicole Davis, Esquire, Washington, D.C.,
for the appellant.

Barbara Burke, Brooklyn, New York, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1 The appellant filed a petition for review of the initial decision, which dismissed as untimely filed the appeal of his removal, taken under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (codified as amended at 38 U.S.C. § 714). For the reasons set forth below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication.

BACKGROUND

¶2    The appellant was employed by the agency as a Cemetery Caretaker Supervisor at Culpeper National Cemetery.  Initial Appeal File (IAF), Tab 1 at 6, 9.  Effective January 31, 2020, the agency removed the appellant under the VA Accountability Act, based on the charges of failure to follow instructions and inappropriate conduct.[1]  *Id.* at 9-10.

¶3    On March 2, 2020, the appellant filed an appeal of his removal with the Board alleging, among other things, that it was the result of race discrimination, retaliation for prior equal employment opportunity (EEO) activity, and reprisal for whistleblowing.[2]  IAF, Tab 1 at 7.  The administrative judge issued an order explaining that the appeal appeared to be untimely filed under the 10-business-day deadline contained in 38 U.S.C. § 714(c)(4)(B), and directing the appellant to file evidence and/or argument establishing either that the appeal was timely filed or that the filing deadline should be waived.  IAF, Tab 6 at 1-4.  In response, the appellant argued that he filed his appeal under the mixed-case procedures governed by 5 U.S.C. § 7702, and thus he was entitled to the 30-day filing deadline contained in the Board's regulations regarding mixed cases at 5 C.F.R. § 1201.154.  IAF, Tab 7 at 5-6.

¶4    The administrative judge issued an initial decision, dismissing the appeal as untimely filed without a showing of good cause for the delay.[3]  IAF, Tab 9, Initial

---

[1] The copy of the notice of removal in the record appears to be missing at least one page.  IAF, Tab 1 at 9-10.  However, the incomplete copy does not impact our analysis as to whether this appeal was timely filed.

[2] The appellant alleged in his appeal that the "demotion" constituted discrimination and retaliation.  IAF, Tab 1 at 7.  As no demotion appears to have occurred in this case, we assume this is an error.

[3] The "good cause" standard is inapplicable in this matter because the filing deadline under the VA Accountability Act is statutory, there is no mechanism within 38 U.S.C. § 714 for waiving the time limit for good cause shown, and the statute does not require the agency to notify employees of their election rights or filing deadlines.  38 U.S.C. § 714(c)(4)(B); *Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶¶ 9-10.

3

Decision (ID).  The administrative judge determined that, because the appellant was removed under the VA Accountability Act, 38 U.S.C. § 714 governed, and thus the appellant was required to file his appeal within 10 business days of the effective date of the removal.  ID at 4.  That date would have been February 14, 2020.[4]  Given that the appellant filed his appeal on March 2, 2020, the administrative judge concluded that the appeal was untimely filed and that the appellant had failed to establish good cause for his delay.  ID at 4-5.  Accordingly, she dismissed the appeal.  ID at 5.

¶5      The appellant has filed a petition for review, essentially repeating his contention that his appeal was timely filed because it involved claims of discrimination and retaliation in violation of EEO statutes, and therefore was a mixed case governed by 5 U.S.C. § 7702.  Petition for Review (PFR) File, Tab 1 at 6-8.  The appellant argues that 38 U.S.C. § 714 is "utterly silent" on the issue of mixed cases, and thus does not alter the procedures for mixed-case appeals prescribed by 5 U.S.C. § 7702, including the 30-day filing deadline contained within 5 C.F.R. § 1201.154, which implements the mixed-case procedures set forth in section 7702.  PFR File, Tab 1 at 7-8.  The appellant asserts that his mixed-case appeal was timely filed because it was filed within 30 days of the

Instead, the administrative judge in the initial decision should have applied the equitable estoppel or equitable tolling doctrines.  *Ledbetter*, 2022 MSPB 41, ¶ 11.  However, because we find that this appeal was timely filed, the administrative judge's error is inconsequential.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (recognizing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[4] In the initial decision, the administrative judge stated that the appellant's deadline to file the appeal under section 714 was February 10, 2020.  ID at 4.  If section 714 was applicable to the calculation of the deadline for filing the appeal, February 10, 2020, would have been an incorrect date.  The administrative judge appears to have calculated the deadline under section 714 using 10 calendar days, instead of 10 business days, as set forth in 38 U.S.C. § 714(c)(4)(B).  However, because we find that the filing deadline set by section 714 is not applicable to this appeal, her error did not prejudice the appellant's substantive rights.  *Panter*, 22 M.S.P.R. 281 at 282.

effective date of his removal. *Id.* at 8. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 3.

## ANALYSIS

¶6    In *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 4-5, 25, the Board held that when an individual covered by 38 U.S.C. § 714[5] files a mixed-case appeal after filing a formal discrimination complaint with the agency, the appeal is governed by the procedures set forth in 5 U.S.C. § 7702 and the Board's implementing regulations, regardless of whether the adverse action was taken pursuant to 38 U.S.C. § 714. In this appeal, the appellant did not file a formal discrimination complaint with the agency, but rather raised allegations that the agency violated EEO statutes for the first time in his Board appeal. As discussed below, we expand upon the holding in *Wilson* and find that the principle articulated in that decision applies regardless of whether the individual filed a formal complaint of discrimination with the agency or raised allegations that the agency violated EEO statutes for the first time in his Board appeal.

The appellant's mixed-case appeal is subject to the procedures set forth in 5 U.S.C. § 7702.

¶7    The agency removed the appellant under the authority of the VA Accountability Act, which authorizes the agency to remove, demote, or suspend "covered individual[s]." IAF, Tab 1 at 9; 38 U.S.C. § 714(a)(1). Pursuant to that Act, an employee may appeal to the Board a removal, demotion, or suspension of greater than 14 days, but such appeal "may only be made . . . not later than 10 business days after the date of" the action. 38 U.S.C. § 714(c)(4). Thus,

---

[5] A "covered individual" includes all individuals occupying positions at the agency, except for individuals who are in the Senior Executive Service, appointed under the authority of 38 U.S.C. §§ 7306, 7401(1), 7401(4), or 7405, still serving in a probationary or trial period, or political appointees. 38 U.S.C. § 714(h)(1). Nothing in the record suggests that the appellant occupies a position that falls under one of these exceptions.

pursuant to the plain language of the statute, because the agency effected the appellant's removal on January 31, 2020, an appeal under section 714(c)(4) was due on February 14, 2020. IAF, Tab 1 at 9. The appellant's March 2, 2020 appeal was thus untimely filed if section 714(c)(4) applied. IAF, Tab 1.

¶8    A mixed case arises when an appellant has been subject to an action that is appealable to the Board, and he alleges that the action was effected, in whole or in part, because of discrimination. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶ 8 (2014); *see also Wilson*, 2022 MSPB 7, ¶¶ 13-14 (explaining the processing of mixed-case appeals under the Civil Service Reform Act of 1978 (CSRA), codified at 5 U.S.C. § 7702). Pursuant to 5 U.S.C. § 7702(a)(1) and (2), an appellant has two options when filing a mixed-case appeal: (1) he may initially file a mixed-case EEO complaint with his employing agency followed by an appeal to the Board[6]; or (2) he may file a mixed-case appeal with the Board and raise his discrimination claims in connection with that appeal.[7] *Wilson*, 2022 MSPB 7, ¶ 13; *Miranne*, 121 M.S.P.R. 235, ¶ 8. The regulation addressing the filing of mixed cases with the Board is 5 C.F.R.

---

[6] The CSRA provides at 5 U.S.C. § 7702(a)(2) that an employee may file an EEO complaint in a mixed case, which an agency "shall resolve . . . within 120 days." If the agency fails to issue a final decision within 120 days, the employee's right to file a Board appeal vests and he may appeal to the Board "at any time" thereafter. 5 U.S.C. § 7702(a)(2), (e)(2); *Wilson*, 2022 MSPB 7, ¶ 13; *Miranne*, 121 M.S.P.R. 235, ¶ 9. The Board's regulations implementing the statute also reflect this rule, 5 C.F.R. §§ 1201.151(a)(1), .154(b)(2), as do the regulations of the Equal Employment Opportunity Commission, 29 C.F.R. § 1614.302(d)(1)(i).

[7] The CSRA provides at 5 U.S.C. § 7702(a)(1) that when an employee "has been affected by an action which the employee . . . may appeal to the [Board], and alleges that a basis for the action was discrimination," as described within various anti-discrimination statutes, "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the applicable action in accordance with the Board's appellate procedures under [5 U.S.C. § 7701] and this section." The U.S. Supreme Court has interpreted 5 U.S.C. § 7702(a)(1) as "[d]efining the [Board's] jurisdiction in mixed-case appeals that bypass an agency's EEO office." *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1981 (2017).

§ 1201.154, which provides that an appellant may file a Board appeal of an adverse action alleging discrimination or retaliation in violation of EEO statutes within 30 days of the effective date of the action, or 30 days from the appellant's receipt of the agency's decision on an EEO complaint, whichever is later.

¶9 As correctly observed by the appellant, 38 U.S.C. § 714 is silent as to the procedures that apply when an appeal of a removal action taken under the statute includes an allegation of discrimination or reprisal for the exercise of EEO rights. PFR File, Tab 1 at 7. Thus, the material issue here is whether the procedures and timelines set forth in 38 U.S.C. § 714, or 5 U.S.C. § 7702 and 5 C.F.R. § 1201.154 apply when an appellant files an appeal directly with the Board of an adverse action taken under 38 U.S.C. § 714 and alleges violations of EEO laws.

¶10 The Board has previously addressed the relationship between 5 U.S.C. § 7702 and 38 U.S.C. § 714. In *Wilson*, the Board reviewed whether an appellant had timely filed an appeal of his demotion taken under the VA Accountability Act when he first filed a formal EEO complaint with his agency, and then subsequently appealed his demotion to the Board after the agency failed to issue a final decision within 120 days. *Wilson*, 2022 MSPB 7, ¶¶ 10-25. Specifically, in that case, the Board had to determine whether the 10-business-day deadline contained within 38 U.S.C. § 714(c)(4)(B) applied, or whether 5 U.S.C. § 7702(e)(2) applied, which allows appellants to file a Board appeal after filing a formal EEO complaint if the agency does not issue a final agency decision within 120 days.

¶11 After noting that 38 U.S.C. § 714 was silent on the issue of procedures and filing times for appeals alleging discrimination or retaliation in violation of EEO statutes, the Board looked to the CSRA, which expressly included procedures for processing mixed cases in 5 U.S.C. § 7702. *Wilson*, 2022 MSPB 7, ¶¶ 12-13. We observed that Congress specifically delegated to the Board the authority to decide both the issue of discrimination and the appealable action in accordance with the Board's procedures under 5 U.S.C. § 7701. *Id.*, ¶ 14; *see* 5 U.S.C. § 7702(a)(1).

The Board in *Wilson* took special note of a Senate Report at the time the Board was created, which explained that "[a]ny provision denying the Board jurisdiction to decide certain adverse action appeals because discrimination is raised as an issue would make it impossible for the Government to have a single unified personnel policy which took into account the requirements of all the various laws and goals governing Federal personnel management." *Wilson*, 2022 MSPB 7, ¶ 14 (quoting S. Rep. No. 95-969, at 53 (1978), *as reprinted in* 1978 U.S.C.C.A.N 2723, 2775). Thus, the Board found that the plain language of 5 U.S.C. § 7702, coupled with the Senate's language stressing the importance of the Board's authority to review discrimination claims in adverse action appeals, confirmed that an employee who first elects to file an EEO complaint retains his right to later Board review of the agency's adverse action and any associated discrimination claims. *Wilson*, 2022 MSPB 7, ¶ 14.

¶12    As noted by the Board, *Wilson* was not the first time that a tribunal confronted how a newly enacted statute affects related laws that it does not reference. *Id.*, ¶ 15. In *Wilson*, the Board relied on the U.S. Supreme Court's decision in *Morton v. Mancari*, 417 U.S. 535, 537-39, 545 (1974), in which the Court declined to find that a new statute repealed a preexisting statute by implication despite alleged inconsistencies between the statutes. *Id.*, ¶¶ 15-16. The Court stated in *Morton* that repeals by implication are disfavored and that congressional intent to repeal a statute "must be clear and manifest." *Morton*, 417 U.S. at 549-51 (quoting *United States v. Borden Company*, 308 U.S. 188, 198 (1939)); *see Wilson*, 2022 MSPB 7, ¶ 15. Further, "[w]hen there are two acts upon the same subject, the rule is to give effect to both if possible." *Morton*, 417 U.S. at 551 (quoting *Borden Company*, 308 U.S. at 198). The Court continued that "when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton*, 417 U.S. at 551; *see Wilson*, 2022 MSPB 7, ¶ 15.

¶13      The Board in *Wilson* observed that the Court has recognized factors that might lead to repeal by implication, although it found them inapplicable in *Morton*. *Wilson*, 2022 MSPB 7, ¶ 16; *see Morton*, 417 U.S. at 550-51. These included when the statutes at issue are "irreconcilable," or when the older statute is broader in scope than the newer, more specific statute. *Morton*, 417 U.S. at 550-51; *see Todd v. Merit Systems Protection Board*, 55 F.3d 1574, 1577-78 (Fed. Cir. 1995) (stating that repeal by implication is appropriate only when statutes are irreconcilable or "the enactment so comprehensively covers the subject matter of the earlier statute that it must have been intended as a substitute"; a statute addressing a "narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum"); *Bergman v. Department of Transportation*, 101 M.S.P.R. 607, ¶ 6 (2006) (holding that specific statutory language aimed at a particular situation ordinarily controls over general statutory language).

¶14      Guided by the relevant precedent, the Board in *Wilson* determined that 38 U.S.C. § 714 does not repeal, either explicitly or implicitly, 5 U.S.C. § 7702. *Wilson*, 2022 MSPB 7, ¶¶ 16-19. First, the Board explained that 38 U.S.C. § 714 does not expressly repeal 5 U.S.C. § 7702, as it is silent regarding the procedures and time limits applicable to mixed-case appeals. *Id.*, ¶ 17. Next, the Board determined that the factors that would render a repeal by implication appropriate were not present, as 5 U.S.C. § 7702 was the more specific statute regarding the processing of mixed cases. *Id.*, ¶¶ 16-17. Further, the Board found 5 U.S.C. § 7702 and 38 U.S.C. § 714 were capable of co-existing, explaining as follows: if an appealable action is taken pursuant to 38 U.S.C. § 714, and the covered individual has not filed a formal complaint of discrimination with the agency, then the 10-business-day deadline set forth at 38 U.S.C. § 714(c)(4)(B) would apply. *Id.*, ¶ 19. If however, such an individual has first filed a formal discrimination complaint with the agency from such an adverse action, then the time limit set forth at 5 U.S.C. § 7702(e)(2) would apply to any subsequent Board

appeal, which allows an appellant to file an appeal with the Board at any time after the 120th day following the filing of the formal complaint if an agency decision on that complaint has not been received. *Id.*, ¶ 19. Accordingly, the Board applied 5 U.S.C. § 7702(e)(2), and found that the appellant was timely in filing his mixed-case appeal with the Board. *Id.*, ¶ 25.

¶15 However, the Board in *Wilson* specifically declined to address whether 5 U.S.C. § 7702 would apply if a "covered individual" directly filed a Board appeal alleging that an action taken pursuant to 38 U.S.C. § 714 was based on discrimination. *Wilson*, 2022 MSPB 7, ¶ 19 n.5. These are the circumstances present here.

¶16 The relevant statutory subsections in *Wilson* were 5 U.S.C. § 7702(a)(2) and (e)(2), which provide for a Board appeal following the filing of a mixed-case complaint with an employing agency. In this matter, the relevant statutory subsection is 5 U.S.C. § 7702(a)(1), which the U.S. Supreme Court has interpreted as "[d]efining the [Board's] jurisdiction in mixed-case appeals that bypass an agency's EEO office." *Perry v. Merit Systems Protection Board*, 137 S. Ct. 1975, 1981 (2017); *see Austin v. Merit Systems Protection Board*, 136 F.3d 782, 783 (Fed. Cir. 1998) (citing 5 U.S.C. § 7702(a)(1) for the proposition that "[a]n employee may initiate a mixed case directly with the Board and seek a decision on both the appealable action and the discrimination claim"). In interpreting statutes, "each section of a statute should be construed in connection with every other section so as to produce a harmonious whole." *King v. Department of Health & Human Services*, 71 M.S.P.R. 22, 29 (1996) (citing 1A Norman J. Singer, Sutherland Statutory Construction § 46.05 (5th ed. 1993)). Additionally, it is well settled that the provisions of a unified statutory scheme should be read in harmony, leaving no provision inoperative or superfluous. *Holley v. United States*, 124 F.3d 1462, 1468 (Fed. Cir. 1997); *Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 17 (2007), *overruled on other grounds by Oram v. Department of the Navy*, 2022 MSPB 30. As part of the

CSRA's unified statutory scheme and 5 U.S.C. § 7702 as a whole, 5 U.S.C. § 7702(a)(1) must be read in harmony, and treated consistently, with the remainder of that statute.

¶17      Thus, for the same reasons as those set forth in *Wilson*—the silence of the VA Accountability Act regarding its relationship to the mixed-case procedures set forth in the CSRA, the absence of any clear and manifest intent by Congress in 38 U.S.C. § 714 to repeal the mixed-case provisions of the CSRA, the strong preference against repeal of a statute by implication and in favor of reading statutes together, and the fact that the statutes can co-exist—we find that 5 U.S.C. § 7702(a)(1) continues to govern mixed-case appeals filed directly with the Board. In other words, an appellant who files an appeal of an adverse action taken pursuant to 38 U.S.C. § 714 and alleges violations of EEO statutes in the first instance before the Board has filed a mixed case, which is governed by the procedures and the timelines established by 5 U.S.C. § 7702 and its implementing regulations, and not 38 U.S.C. § 714. To find otherwise would be to treat the continuing applicability of the various subsections of 5 U.S.C. § 7702 differently and to render section 7702(a)(1) inoperative when an action is taken under 38 U.S.C. § 714. This would be contrary to well-established principles of statutory construction. *See Holley*, 124 F.3d at 1468; *Styslinger*, 105 M.S.P.R. 223, ¶ 17.

¶18      In so finding, we recognize that 38 U.S.C. § 714 does not make it impossible for an appellant to raise issues of discrimination in a direct Board appeal and follow the timelines set forth in that statute. Nevertheless, as discussed above and in *Wilson,* nothing in section 714 supports a finding that it repeals, either expressly or by implication, any of the mixed-case procedures set forth in 5 U.S.C. § 7702. Thus, 5 U.S.C. § 7702(a)(1) remains applicable to mixed-case appeals of actions taken under 38 U.S.C. § 714 when discrimination is raised for the first time before the Board.

<u>The appellant's mixed-case appeal was timely filed and, accordingly, this matter must be remanded to the administrative judge for further adjudication.</u>

¶19    In this case, the appellant filed an appeal directly with the Board alleging, among other things, that his removal was the result of race discrimination and retaliation for prior EEO activity.  IAF, Tab 1 at 7.  Because the appellant filed a mixed-case appeal, the procedures contained within 5 U.S.C. § 7702 and the Board's implementing regulations apply.   Those regulations provide that mixed-case appeals must be filed within 30 days of the effective date of the agency's action or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.154(a).  The agency removed the appellant effective January 31, 2020, and the time period for filing began at that time.  IAF, Tab 1 at 9-10.  The appellant filed his mixed-case appeal on March 2, 2020, IAF, Tab 1, and thus it was timely filed.[8]  Accordingly, we remand the appeal for further adjudication.[9]

### ORDER

¶20    For the reasons discussed above, we REMAND this matter to the regional office for further adjudication in accordance with this Remand Order.  On

---

[8] The 30th calendar day following January 31, 2020, was March 1, 2020.  That day was a Sunday, and thus the filing deadline was the following business day, Monday, March 2, 2020.  5 C.F.R. § 1201.23.

[9] On review, the appellant also argues that the administrative judge should have granted his request to dismiss his appeal without prejudice so that he could pursue an EEO complaint.  PFR File, Tab 1 at 5-6; IAF, Tab 7 at 6-7.  Because we find the appeal was timely filed, the appellant has elected that remedy and cannot now file an EEO complaint.  *Dowell v. U.S. Postal Service*, 113 M.S.P.R. 250, ¶ 6 (2010) (an appellant who is subject to an action that is appealable to the Board and who alleges the action was effected in whole or in part because of discrimination may either filed a direct Board appeal or an EEO complaint with the agency, but not both, and whichever is filed first is deemed to be an election to proceed in that forum); 5 C.F.R. § 1201.154(a) (an appellant alleging discrimination who has been subject to an action that is appealable to the Board may either file a timely complaint of discrimination with the agency or file an appeal with the Board).

remand, the administrative judge should adjudicate this appeal as timely filed, determine if the agency established its charges by substantial evidence, and address the appellant's affirmative defenses of discrimination and EEO and whistleblower retaliation in accordance with applicable precedent.[10]

FOR THE BOARD:

/s/

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[10] On remand, the administrative judge shall provide the appellant with comprehensive notice of his burdens of proof regarding his affirmative defenses.