**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALEXANDER FLEMING, III,
          Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
SF-0714-22-0218-I-1

DATE: February 13, 2023

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Pauletta Johnson</u>, Seattle, Washington, for the appellant.

<u>Mandeev Singh Brar</u>, Esquire, Portland, Oregon, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as untimely filed by approximately 2 years. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On February 10, 2022, the appellant filed an appeal challenging his February 3, 2020 removal, taken under the authority of 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 1. He alleged in his initial appeal, among other things, that the agency failed to accommodate his disability. *Id.* at 6. The administrative judge issued an acknowledgment order, which advised the appellant that the Board may lack jurisdiction over the appeal because he appeared to have elected his remedy to file a grievance concerning the appeal and, further, that the appeal appeared to be untimely pursuant to the 10-business-day deadline contained in 38 U.S.C. § 714(c)(4)(B). IAF, Tab 2 at 2-5. The order directed the appellant to file argument and evidence establishing that the appeal was timely filed or that equitable tolling should apply. *Id.* at 3-6. It further directed the appellant to file argument and evidence regarding the jurisdictional question. *Id.* at 2-3. The appellant did not file a response. After the agency moved to dismiss the appeal on timeliness grounds, the administrative judge issued a second order giving the appellant additional time to file a response addressing jurisdiction and timeliness. IAF, Tabs 5-6. The appellant filed a reply asserting that he did not respond to the acknowledgment order because he was on a jobsite and lacked reliable internet access. IAF, Tab 7 at 3. He made arguments related to the merits of his removal but he did not address the timeliness of his initial appeal and he did not provide additional information relating to his grievance. *Id.* The administrative judge then issued a third order affording the appellant an opportunity to file evidence related to the timeliness of his appeal. IAF, Tab 8. The appellant did not file a response.

¶3    The administrative judge issued an initial decision dismissing the appeal as untimely filed by 2 years.  IAF, Tab 9, Initial Decision at 3-5.  The administrative judge explained that the filing deadline for appealing actions taken pursuant to 38 U.S.C. § 714 is 10 business days, that the statutory filing deadline could not be waived for good cause, and that, even if equitable tolling could apply to the deadline, the appellant failed to establish that it should apply because he provided no justification for his delayed filing.  *Id*.  The appellant has filed a petition for review, wherein he again argues the merits of the removal action.  Petition for Review (PFR) File, Tab 1 at 5.  The agency has filed a response in opposition. PFR File, Tab 3.

¶4    Since the issuance of the initial decision in this case, the Board has clarified the filing deadlines in connection with 38 U.S.C. § 714 actions, particularly in cases such as this, wherein the appellant has raised a claim of discrimination. The 10-business-day time limit set forth in 38 U.S.C. § 714 does not apply if an appellant alleges that the appealable action was taken as the result of unlawful discrimination, i.e., a mixed case.  If an individual covered by 38 U.S.C. § 714 files a mixed-case appeal after filing a formal discrimination complaint with the agency, the time limits are governed by 5 U.S.C. § 7702 and the Board's implementing regulations.  *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶ 25.  If the appellant has not filed a formal discrimination complaint with the agency and raises his discrimination claim for the first time with the Board, an appeal is due 30 days after the effective date of the agency's action or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later.  *Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶¶ 17-19; 5 C.F.R. § 1201.154(a).  These deadlines may be waived for good cause shown.  5 C.F.R. § 1201.22(c); *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995) (setting forth the factors to be considered by the Board in determining whether the appellant established good cause for a delayed filing), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶5        There is insufficient information in the record to determine which deadline should apply to this appeal.   Although the administrative judge advised the appellant that his appeal appeared to be untimely pursuant to the 10-business-day deadline set forth in 38 U.S.C. § 714, she does not appear to have acknowledged his discrimination claim and she did not identify the deadlines set forth in *Wilson* and *Davis*, as those decisions had not yet been issued.   IAF, Tabs 2, 6, 8. The administrative judge's statement that the filing deadline could not be waived for good cause shown is incorrect in light of *Wilson* and *Davis*.   IAF, Tab 2 at 4. We therefore find that the appellant has not been put on clear notice of the precise timeliness issue and the standard to waive an untimely filing, and we must remand this appeal for the administrative judge to provide the required notice. *See Schorr v. Department of the Navy*, 79 M.S.P.R. 594, ¶¶ 12-13 (1998) (stating that the appellant "cannot be expected to fight a fog of generality" and that he must be put on clear notice of the timeliness issue and given a full opportunity to litigate it) (quoting *Hamilton v. Merit Systems Protection Board*, 75 F.3d 639, 646 (Fed. Cir. 1996)).

¶6        We note that the record is not developed as to the question of whether the Board lacks jurisdiction over this appeal based on the appellant's filing of a grievance.   IAF, Tab 1 at 5, Tab 2 at 2-3.   Specifically, the record contains insufficient information as to the precise subject of the grievance.   Accordingly, we do not reach the jurisdictional question here.

**ORDER**

¶7      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.