# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID L. GARNICA,<br>　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DOCKET NUMBER<br>SF-0714-18-0329-I-1<br><br><br>DATE: March 21, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Sam L. Maze, Killeen, Texas, for the appellant.

Cheri Thanh M. Hornberger, Esquire, Los Angeles, California, for the
　agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his 38 U.S.C. § 714 removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the Western Regional Office for adjudication on the merits.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant from his position as a Maintenance Mechanic, effective January 24, 2018, under the authority of 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 7 at 15, 17-19. In the decision letter, the agency advised the appellant that he could file an appeal with the Board challenging his removal no later than 10 business days after the date of the removal action. *Id.* at 17-18. The appellant acknowledged receipt of the removal decision on January 19, 2018, the same day the agency issued the decision. *Id.* at 1, 19. The appellant subsequently filed a Board appeal, which was received by the Board's Western Regional Office (WERO) on March 12, 2018. IAF, Tab 1 at 1. The appellant alleged on his appeal form that his removal was the product of unlawful discrimination based on his race. *Id.* at 5.

The administrative judge issued an order addressing timeliness in which he informed the appellant that he had 10 business days from the January 24, 2018 effective date of his removal to file his appeal, acknowledged the filing date of the appeal as March 12, 2018, observed that it appeared the appellant had untimely filed his appeal, described the circumstances under which the deadline could be waived or tolled, and ordered both parties to respond. IAF, Tab 2. Both parties filed responses to the order. IAF, Tabs 4-5. In his response, the appellant explained that he initially attempted to file his Board appeal by mail, sending a completed appeal form with a postmark dated February 8, 2018, but that he used an old version of the appeal form that listed WERO's prior mailing address. IAF, Tab 4 at 3, 18. After that mailing was eventually returned as undeliverable, the appellant resubmitted his appeal by facsimile on March 12, 20218. *Id.* at 4, 19-22; IAF, Tab 1 at 1-2.

The administrative judge subsequently issued an initial decision finding the appeal was untimely filed by either 1 business day, based on the appellant's attempted February 8, 2018 filing, or 22 business days, based on his perfected March 12, 2018 filing. IAF, Tab 10, Initial Decision (ID) at 8-9. He reasoned

that under 38 U.S.C. § 714, the appellant had 10 business days from the date of his removal to file a Board appeal, that equitable tolling did not apply to extend the appellant's filing deadline, and that the appellant had failed to show that good cause existed for this delay in filing his appeal. ID at 8-16.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant files what is known as a mixed case when he seeks review of a matter within the Board's appellate jurisdiction and also raises a claim of discrimination or retaliation in violation of equal employment opportunity (EEO) statutes. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 12, 25. An appellant has two options when filing a mixed case: (1) he may initially file a mixed-case EEO complaint with his employing agency followed by an appeal to the Board; or (2) he may file a mixed-case appeal with the Board and raise his discrimination claims in connection with that appeal. *Id.*, ¶ 13. An employee may file either a mixed-case complaint or a mixed-case appeal, but not both, and whichever is filed first is deemed an election to proceed in that forum. *Id.* Here, the appellant first filed an appeal with the Board challenging his removal on February 8, 2018. IAF, Tab 1. Although that filing was submitted to an outdated Board mailing address and the appellant later resubmitted his appeal to the correct address by fax on March 12, 2018, the appeal was deemed received as of the February 8, 2018 attempted filing date. *See Merian v. Department of the Navy*, 107 M.S.P.R. 221, ¶ 3 (2007) (finding the appellant's jurisdictional response timely when it was mailed to the regional office's former address within the filing deadline).

After the initial decision in this matter was issued, the Board held that when the agency takes an action under 38 U.S.C. § 714, and the appellant files a

mixed case appeal, the procedures contained within 5 U.S.C. § 7702 and the Board's implementing regulations apply. *Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶ 19; *Wilson*, 2022 MSPB 7, ¶¶ 11-25. Under those regulations, if the appellant has not filed a formal discrimination complaint with the agency and raises his discrimination claim for the first time with the Board, an appeal is due 30 days after the effective date of the agency's action or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *Davis*, 2022 MSPB 45, ¶¶ 17-19; 5 C.F.R. § 1201.154(a).

The appellant received the agency's removal decision on January 19, 2018, and his removal was effective January 24, 2018. IAF, Tab 1 at 10-12. The appellant raised a claim of discrimination in connection with his removal in his initial appeal and he did not file a formal discrimination complaint with the agency regarding his removal. *Id.* at 5; IAF, Tab 7 at 12. Therefore, the appellant's 30-day time period for filing a Board appeal began on January 24, 2018. The appellant filed his mixed-case appeal 15 days later, on February 8, 2018—the postmark date of his misdirected Board appeal. IAF, Tab 4 at 18-22. Thus, the appeal was timely filed. Accordingly, we remand the appellant's mixed case appeal for adjudication on the merits.

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for adjudication on the merits.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.