**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MONA AGAMEZ,<br>          Appellant, | DOCKET NUMBER<br>DE-0714-22-0050-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: April 3, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Tyler J. Sroufe, Esquire, Dallas, Texas, for the appellant.

Daniel Morvant, Esquire, and Sean A. Safdi, Esquire, Denver, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her 38 U.S.C. § 714 removal appeal as untimely filed. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The agency removed the appellant effective October 29, 2021, under the authority of 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 8 at 9. The appellant received notice of the agency's decision the same day. *Id.* at 4, 12. On November 24, 2021, the appellant filed this appeal challenging the removal, alleging that it "was motivated by Title VII discrimination and retaliation." IAF, Tab 1 at 6. The administrative judge issued an order on timeliness in which he informed the appellant that she had 10 business days from the date of the removal to file her appeal, observed that it appeared she had untimely filed, described the circumstances under which the deadline could be waived, and ordered both parties to respond. IAF, Tab 3. Both parties did so. IAF, Tabs 7-8. The administrative judge then issued an initial decision finding the appeal was untimely filed by 7 business days, or 9 calendar days. IAF, Tab 9, Initial Decision at 2-3. He reasoned that, under 38 U.S.C. § 714, the appellant had 10 business days from the date of her removal to file a Board appeal. *Id.*

The appellant has filed a petition for review, arguing that she established good cause for her delay in filing, and the agency has responded. Petition for Review (PFR) File, Tabs 1, 3. Because the appellant appeared to raise a claim of discrimination and/or retaliation in violation of equal employment opportunity (EEO) statutes, the Office of the Clerk of the Board issued an order to the parties to indicate whether the appellant had filed an EEO complaint of her removal with the agency. PFR File, Tab 5. Both parties responded and informed the Board that the appellant filed an EEO complaint after she filed her initial appeal with the Board. PFR File, Tab 6 at 4, Tab 7 at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

An appellant files what is known as a mixed case when, as here, she seeks review of a matter within the Board's appellate jurisdiction and also raises a claim of discrimination or retaliation in violation of EEO statutes. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 12, 25. An appellant has two options when filing a mixed case: (1) she may initially file a mixed-case EEO complaint with her employing agency followed by an appeal to the Board; or (2) she may file a mixed-case appeal with the Board and raise her discrimination claims in connection with that appeal. *Id.*, ¶ 13. An employee may file either a mixed-case complaint or a mixed-case appeal, but not both, and whichever is filed first is deemed an election to proceed in that forum. *Id.* Here, the appellant first filed an appeal with the Board regarding her removal in November 2021. IAF, Tab 1. She filed her EEO complaint concerning her removal with her agency in January 2022.[2] PFR File, Tab 6 at 4, Tab 7 at 4. Therefore, she effectively elected the Board as the forum in which to adjudicate her removal.

After the initial decision in this matter was issued, the Board held that when the agency takes an action under 38 U.S.C. § 714, and the appellant files a mixed-case appeal, the procedures contained within 5 U.S.C. § 7702 and the Board's implementing regulations apply. *Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶ 19; *Wilson*, 2022 MSPB 7, ¶¶ 11-25. Those regulations provide that mixed-case appeals must be filed within 30 days of the effective date of the agency's action or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *Davis*, 2022 MSPB 45, ¶ 19; 5 C.F.R. § 1201.154(a). The appellant received the agency's removal decision on

---

[2] The agency has indicated that it dismissed the appellant's EEO complaint on the basis that she had previously appealed her removal to the Board. PFR File, Tab 6 at 4, 9-10. The appellant filed an appeal of the agency's dismissal to the Equal Employment Opportunity Commission's Office of Federal Operations, which affirmed the dismissal of her claims challenging her proposed removal and removal, but remanded most of the remaining claims in her EEO complaint to the agency for processing. PFR File, Tab 6 at 4, 16, 18-19, Tab 7 at 4.

October 29, 2021, and it was effective the same day; therefore, the appellant's 30-day time period for filing a Board appeal began on that date. IAF, Tab 8 at 9, 12. The appellant filed her mixed-case appeal 26 days later, on November 24, 2021, IAF, Tab 1, and thus it was timely filed. Accordingly, we remand the appeal for further adjudication.

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.