## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RENAY DEAN,<br>   Appellant,<br><br>  v.<br><br>DEPARTMENT OF VETERANS<br> AFFAIRS,<br>   Agency. | DOCKET NUMBER<br>SF-0714-18-0311-I-1<br><br><br>DATE: May 28, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Renay Dean</u>, Los Angeles, California, pro se.

<u>Julianne Ference</u>, North Las Vegas, Nevada, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown for the delay. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and FIND that the appeal was timely filed.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

We REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective February 3, 2018, the agency removed the appellant from his Motor Vehicle Operator position under the authority of 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 9 at 12, 16. In its decision letter, the agency advised the appellant that he could file an appeal with the Board challenging the removal decision no later than 10 business days after his receipt of the decision. *Id.* at 17. The appellant received the decision on January 31, 2018. IAF, Tab 1 at 3. He filed the present appeal on March 3, 2018. *Id.* at 1.

The agency subsequently filed a motion to dismiss, arguing that the appellant failed to timely file his appeal. IAF, Tab 9 at 7. As a result, the administrative judge issued a timeliness order, informing the appellant that his appeal appeared to be untimely filed and instructing him to submit evidence and argument showing either that his appeal was timely filed or that good cause existed for the delay. IAF, Tab 11. The appellant replied, arguing that his appeal was timely filed within 30 calendar days of the effective date of his removal, as stated on the Board's website, and, in the alternative, that good cause existed for his delay as a result of his disability. IAF, Tab 15 at 4-5.

After consideration of the pleadings, the administrative judge issued an initial decision, dismissing the appeal as untimely filed. IAF, Tab 25, Initial Decision (ID). He found that the appellant's appeal was untimely filed by 15 calendar days under the deadline set forth in 38 U.S.C. § 714(c)(4)(B). ID at 3. As to the appellant's argument regarding the 30-day deadline posted on the Board's website, he found that the appellant failed to explain why he believed that the general information contained on the Board's website took precedence over the specific notice in the decision letter of his statutory deadline under 38 U.S.C. § 714(c)(4)(B). ID at 5. The administrative judge concluded that the

appellant failed to show that he exercised due diligence or ordinary prudence in filing his appeal. ID at 4-5. As to his argument regarding his disability, the administrative judge found that, even if it had continued through the time period for filing an appeal, the appellant failed to explain how his disability prevented him from timely filing an appeal or requesting an extension of time to do so. ID at 6. As a result, he found that the appellant failed to establish good cause for the filing delay. ID at 7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3. On review, the appellant continues to argue that his appeal should not be dismissed as untimely filed because he filed it within 30 calendar days of the effective date of his removal, as posted on the Board's website. PFR File, Tab 1 at 5, 7-8; IAF, Tab 15 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

After the initial decision in this matter was issued, the Board held that when the agency takes an action under 38 U.S.C. § 714, and the appellant files a mixed-case appeal,[2] the procedures contained within 5 U.S.C. § 7702 and the Board's implementing regulations apply. *Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶¶ 17, 19. Under those regulations, if the appellant has not filed a formal discrimination complaint with the agency and raises his discrimination claim for the first time with the Board, an appeal is due 30 days after the effective date of the agency's action or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. *Id.*, ¶¶ 17-19; 5 C.F.R. § 1201.154(a).

---

[2] A mixed-case appeal is when, as here, an appellant seeks review of a matter within the Board's appellate jurisdiction and also raises a claim of discrimination or retaliation in violation of equal employment opportunity statutes. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 12, 25.

Here, the appellant received the decision on the removal on January 31, 2018, and the effective date of his removal was February 3, 2018. IAF, Tab 1 at 3, Tab 9 at 12. The appellant raised a claim of disability discrimination in connection with his removal in his initial appeal, and he did not file a formal discrimination complaint regarding his removal. IAF, Tab 1 at 5, Tab 4 at 1, Tab 9 at 11. Therefore, the appellant's 30-day time period for filing a Board appeal began on February 3, 2018. The appellant filed his mixed-case appeal on March 3, 2018, and, therefore, it was timely filed. Accordingly, we remand this appeal to the Western Regional Office for adjudication on the merits in accordance with this Remand Order.

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.