UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

CYNTHIA D. HAYNES,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
CH-0714-18-0108-I-1

DATE: July 3, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David B. Carter, Esquire, Charlotte, Michigan, for the appellant.

Lauren Russo Ciucci, Esquire, Detroit, Michigan, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her removal taken pursuant to 38 U.S.C. § 714 as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the length of the filing delay and why the appellant is not entitled to waiver or tolling of the statutory filing deadline, we AFFIRM the initial decision.

## BACKGROUND

¶2  Effective November 19, 2017, the agency removed the appellant from her Nursing Assistant position under the authority of 38 U.S.C. § 714 based on charges of inappropriate conduct and violation of day room standard operating procedure. Initial Appeal File (IAF), Tab 2 at 1-3, 10. The decision letter advised the appellant of her right to appeal her removal to the Board "not later than ten (10) business days after the date of [the] action." *Id*. at 3. On December 8, 2017, the appellant filed her Board appeal. IAF, Tabs 1-2. The agency filed a motion to dismiss the appeal as untimely filed more than 10 days after the effective date of her removal. IAF, Tab 10 at 4-5. During a status conference, the appellant's then-representative, a union official who had represented her during the agency's disciplinary investigation, asserted that the appeal was not timely filed "because the computers were not operating properly and the IT department was working to fix the issue." IAF, Tab 12 at 1, Tab 32 at 4.

¶3    The administrative judge subsequently issued a timeliness order, which informed the appellant that her appeal appeared to be untimely by 5 business days and directed her to show cause why the appeal should not be dismissed. IAF, Tab 13 at 1-2. In her response, filed by a new designated representative, the appellant acknowledged that her appeal was filed after the statutory time limit. IAF, Tab 32 at 4. She asked for waiver of the time limit because she had relied on the union official, who informed her that she would "immediately" file a Board appeal of the removal decision. *Id*. at 4, 8. The appellant maintained that, until her new representative informed her that she had been registered as an e-filer, she had not received any case filings and was unaware that the appeal was untimely filed because she did not use her email account and lacked internet access at home. *Id*. at 4-5, 8. The agency filed a response in opposition. IAF, Tab 33 at 4-7.

¶4    Without holding the requested hearing, the administrative judge issued an initial decision on March 6, 2018, dismissing the appeal as untimely filed. IAF, Tab 34, Initial Decision (ID) at 2, 8. She found that it was undisputed that the appellant filed her appeal on December 8, 2017, five business days beyond the December 1, 2017 statutory filing deadline. ID at 2-3. Although the administrative judge noted that, given the lack of quorum, the Board had not yet issued guidance regarding the appropriate standard for excusing an untimely filing under 38 U.S.C. § 714, the appellant's explanations regarding her union representative and infrequent use of email failed to show either that good cause existed for her delay in filing or a basis for equitable tolling. ID at 3-7.

¶5    The appellant filed another initial appeal of her removal with the Central Regional Office on June 29, 2019, more than 15 months after the initial decision was issued. Petition for Review (PFR) File, Tab 1. The Clerk of the Board notified the appellant that the Board considered her submission to be a petition for review in the present appeal and that the petition was untimely filed because it was not filed by April 10, 2018. PFR File, Tab 2 at 1-2. The Clerk instructed the

appellant how to file a motion to accept the petition as timely or to waive the time limit for good cause. *Id.* at 2. The appellant did not file any such motion, and the agency has not responded to the petition for review.

## ANALYSIS

¶6    The appellant's brief arguments on review do not address the timeliness of her initial appeal or petition for review. PFR File, Tab 1 at 2. Instead, she challenges the merits of her removal, which she describes as a "wrongful termination." *Id*. We do not reach the apparent untimeliness of the appellant's petition for review because, for the following reasons, we find that she has failed to present any basis for disturbing the initial decision dismissing the appeal as untimely filed.

¶7    Pursuant to 38 U.S.C. § 714(a)(1), "[t]he Secretary [of the Department of Veterans Affairs] may remove, demote, or suspend a covered individual . . . if the Secretary determines the performance or misconduct of the covered individual warrants such removal, demotion, or suspension." A "covered individual" is an individual occupying a position at the agency, with four exceptions not relevant here. *See* 38 U.S.C. § 714(h)(1)(A)-(D). Such individual may appeal to the Board any removal, demotion, or suspension of more than 14 days. 38 U.S.C. § 714(c)(4)(A). However, an appeal "may only be made if such appeal is made not later than 10 business days after the date of such removal, demotion, or suspension." 38 U.S.C. § 714(c)(4)(B).[2]

---

[2] In mixed-case appeals, or appeals raising claims of discrimination, the procedures set forth in 5 U.S.C. § 7702 and the Board's implementing regulations—including the filing deadline—apply, even when the action at issue was taken under 38 U.S.C. § 714. *Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶ 17; *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 15-25. Because the filing deadline is longer for a mixed-case appeal than the filing deadline set forth in 38 U.S.C. § 714(c)(4)(B), a claim of discrimination either before the agency or on appeal to the Board impacts our timeliness determination. We have reviewed the record to determine whether the appellant made a claim of discrimination, and we conclude that she has not. Notably, she made no reference to discrimination below, and her vague reference to the race of coworkers in her petition for review is not sufficiently developed to constitute a discrimination claim. Even if the appellant's statements on review were sufficient to

¶8      Here, the administrative judge found that the appellant was removed under the authority of 38 U.S.C. § 714 effective November 19, 2017, and that any Board appeal of that action was therefore due no later than December 1, 2017. ID at 2-3. Because the appellant did not file her appeal until December 8, 2017, the administrative judge found her appeal untimely filed by 5 business days. ID at 3. However, the administrative judge erroneously included the Thanksgiving Day Federal holiday, which fell within the filing period, in calculating the deadline. *Id*.; *see Ledbetter v. Department of Veterans Affairs*, 2022 MSPB 41, ¶ 7 n.2 (excluding weekends and Federal holidays when calculating the filing deadline under 38 U.S.C. § 714(c)(4)(B)). Therefore, the filing deadline for the present appeal was December 4, 2017, and the appeal was untimely filed by 4 business days. Regardless of whether the filing deadline was December 1 or December 4, 2017, however, the appellant's December 8, 2017 appeal was untimely filed by at least 4 days. Thus, we discern no basis to disturb the administrative judge's determination that the appellant's appeal was untimely filed beyond the 10 business days statutory deadline.

¶9      Although we agree with the administrative judge that the appellant is not entitled to waiver or tolling of the filing deadline, we modify the initial decision consistent with the following to clarify the basis for this holding. The administrative judge found that, to the extent that such a waiver was applicable to the present appeal, the appellant failed to establish that good cause existed to excuse her untimely filed appeal. ID at 5-7. The Board has since held that the filing deadline prescribed by 38 U.S.C. § 714 cannot be waived for good cause shown. *See Ledbetter*, 2022 MSPB 41, ¶¶ 8-11. However, it may be subject to equitable tolling or equitable estoppel. *Id*., ¶¶ 11-14. The doctrine of equitable

regard as a claim of a discrimination, she raises them for the first time on review, and the Board will not consider an argument raised for the first time on review absent a showing of new and material evidence not previously available despite due diligence. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). Accordingly, the 10-day filing deadline set forth in 38 U.S.C. § 714(c)(4)(B) applies.

tolling is a rare remedy that is to be applied in unusual circumstances and generally requires a showing that the appellant has been pursuing her rights diligently and some extraordinary circumstances stood in her way, such as being induced or tricked by her adversary's misconduct into allowing the deadline to pass. *Id.*, ¶ 13. The requirements for equitable estoppel are "even more stringent," requiring affirmative misconduct by the Government. *Id.*, ¶ 12.

¶10    For the reasons set forth in the initial decision, the appellant's arguments regarding her limited use of email and reliance on her union representative to timely file the appeal do not constitute extraordinary circumstances that stood in her way of making a timely filing. ID at 4-5; *see Ledbetter*, 2022 MSPB 41, ¶ 13; *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (stating that it is well settled that an appellant is responsible for the errors and omissions of her chosen representative). Although the appellant argued that "any neglect on her part was excusable neglect," IAF, Tab 32 at 5, the doctrine of equitable tolling does not apply to mere excusable neglect, *Ledbetter*, 2022 MSPB 41, ¶ 13. She has provided no basis for disturbing the administrative judge's finding that she failed to diligently pursue her appeal but instead "turned the matter over to her representative and did not monitor the appeal or check her email." ID at 4-5. Therefore, the administrative judge properly found that the appellant would not be entitled to equitable relief. ID at 5; *see Ledbetter*, 2022 MSPB 41, ¶ 13.

¶11    Accordingly, we deny the petition for review and affirm as modified the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.