# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BRIAN P. LAUTERBACH,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-1221-22-0045-W-1

DATE: April 5, 2024


## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Brian P. Lauterbach</u>, Welches, Oregon, pro se.

<u>Stephen Funderburk</u>, Esquire, Seattle, Washington, for the agency.


### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman


### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his mixed-case[2] 38 U.S.C. § 714 removal appeal/individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] A mixed-case appeal is an appeal filed with the Board alleging that an appealable agency action was effected because of discrimination. 29 C.F.R. § 1614.302(a)(2).

GRANT the appellant's petition for review. We VACATE the administrative judge's analysis of the mixed-case portion of the appeal and REMAND that portion of the matter to the Western Regional Office for further adjudication. We AFFIRM the administrative judge's conclusion that the Board lacks jurisdiction over the IRA portion of this appeal.

## BACKGROUND

On April 2, 2021, the appellant filed a Board appeal challenging his January 20, 2021 removal from Federal service under 38 U.S.C. § 714. *Lauterbach v. Department of Veterans Affairs*, MSPB Docket No. SF-0714-21-0285-I-1, Initial Appeal File (0285 IAF), Tab 1 at 7-10. The appellant alleged that his removal was precipitated by both discrimination and whistleblower retaliation, and he averred that he had filed a complaint with the Office of Special Counsel (OSC) 3 days prior, on March 30, 2021. *Id.* at 4-5. Shortly thereafter, on April 13, 2021, the appellant requested to withdraw his Board appeal, explaining that he was "filing [a] formal complaint with [the agency's equal employment opportunity (EEO) office]," and "[t]hey will not allow EEO and MSPB complaints together." 0285 IAF, Tab 5 at 3. The administrative judge issued a show cause order explaining the legal implications of the appellant's withdrawal, i.e., that it was an act of finality that would end the Board proceeding and providing both parties with an opportunity to object to dismissal of the appeal. 0285 IAF, Tab 7 at 1-2. Neither party did so. Thereafter, on April 27, 2021, the administrative judge issued an initial decision dismissing the appeal as withdrawn. 0285 IAF, Tab 8, Initial Decision at 1-2. Neither party filed a petition for review of the initial decision.

Approximately 6 months later, on October 23, 2021, the appellant filed the instant appeal alleging that (1) the agency had yet to issue a final agency decision (FAD) regarding his April 13, 2021 formal EEO complaint and more than 120 days had elapsed since he had filed the same and (2) OSC had yet to issue a

decision concerning his March 30, 2021 complaint and more than 120 days had passed. Initial Appeal File (IAF), Tab 1, Tab 10 at 2-3.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the mixed-case portion of the appeal for lack of jurisdiction, reasoning that the appellant had previously filed and withdrawn a Board appeal concerning his removal. IAF, Tab 14, Initial Decision (ID) at 8-10. She also reasoned that the mixed-case portion of the appeal was untimely because it had been filed beyond the statutory deadline set forth in 38 U.S.C. § 714(c)(4)(B), i.e., more than 10 business days after the agency's removal action. ID at 8. Regarding the IRA portion of the appeal, the administrative judge concluded, among other things, that the appellant had failed to make a nonfrivolous allegation that he had made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9). ID at 11-16.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 4.[3]

<u>We vacate the administrative judge's analysis of the mixed-case portion of the appeal and remand this portion of the appeal for adjudication of the merits.</u>

When, as here, an employee alleges that he was subjected to an otherwise appealable adverse action that can be the subject of a negotiated grievance

---

[3] With his petition, the appellant provides additional documents, i.e., a copy of a January 22, 2021 Executive Order, a printout regarding whistleblowing best practices, a copy of an anonymous complaint made to the agency's Office of the Inspector General (OIG), email correspondence suggesting that the appellant contacted OIG on or about March 4, 2021, and a letter indicating that the appellant's wife contacted OIG on or about April 1, 2021. PFR File, Tab 1 at 6-16. The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant provides no explanation as to why he could not submit these documents prior to the close of the record. In any event, as discussed herein, these documents are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

procedure and he claims that action was based on EEO discrimination, the employee may choose among the following: (1) a negotiated grievance procedure; (2) a Board appeal; or (3) a formal EEO complaint. 5 U.S.C. § 7121(d); *Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶ 14 (2009). Whichever is filed first is generally deemed a binding, irrevocable election to proceed in that forum. *Carey v. Department of the Interior*, 103 M.S.P.R. 534, ¶ 11 (2006). If the employee elects to file a formal EEO complaint and the agency has not issued FAD within 120 days, the appellant may file a Board appeal at any time after the expiration of the 120 calendar days. 5 U.S.C. § 7702(a); *see* 5 C.F.R. §§ 1201.151(a)(1), 1201.154(b)(2). Such an appeal is known as a mixed case, and the Board will adjudicate both the underlying appealable action and the discrimination claims. *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 12, 14.

As stated, the appellant initially raised his discrimination claim regarding the agency's January 20, 2021 removal action via his April 2, 2021 Board appeal. 0285 IAF, Tab 1. This mixed-case appeal, however, was untimely filed. *See Davis v. Department of Veterans Affairs*, 2022 MSPB 45, ¶¶ 17, 19 (finding that 5 U.S.C. § 7702(a)(1) governs mixed-case section 714 appeals filed directly with the Board and, therefore, that an appellant is required to file such an appeal within 30 days of the effective date of the agency's action or 30 days after the date of his receipt of the agency's decision, whichever is later).[4] As a result, the appellant's April 2, 2021 Board appeal did not constitute a valid election. *See* 5 U.S.C. § 7121(d) (stating that "[a]n employee shall be deemed to have exercised his option under this subsection . . . at such time as the employee *timely*

---

[4] In her initial decision, the administrative judge stated that the April 2, 2021 appeal was untimely because it was filed beyond the statutory deadline set forth in 38 U.S.C. § 714(c)(4)(B), i.e., more than 10 business days after the agency's January 20, 2021 removal action. ID at 8. This finding was imprecise. The appellant's April 2, 2021 appeal was instead untimely because it was not filed within 30 days of the effective date of the agency's action or within 30 days after the date of his receipt of the agency's decision. *See Davis*, 2022 MSPB 45, ¶ 17.

initiates an action under the applicable statutory procedure") (emphasis added). Accordingly, the appellant's initial, valid election for purposes of 5 U.S.C. § 7121(d) was his April 13, 2021 formal EEO complaint. On October 23, 2021, following the passage of more than 120 days without the issuance of a FAD, the appellant filed the instant appeal.

The Board has clarified that, if an appellant files an EEO complaint concerning an adverse action taken pursuant to 38 U.S.C. § 714 and thereafter files a Board appeal, then that appeal is subject to the procedures contained in 5 U.S.C. § 7702, not 38 U.S.C. § 714. *Wilson*, 2022 MSPB 7, ¶ 19. Accordingly, because the agency here failed to issue a FAD regarding the appellant's EEO complaint within 120 days, the appellant permissibly, and timely, filed his mixed-case appeal with the Board on October 23, 2021. 5 U.S.C. § 7702(a)(2), (e)(2). Accordingly, we remand the mixed-case portion of this matter to the regional office for adjudication of the merits.[5]

We discern no basis to disturb the administrative judge's conclusion that the Board lacks jurisdiction over IRA portion of the appeal.[6]

---

[5] As stated, the appellant withdrew his initial April 2, 2021 Board appeal. 0285 IAF, Tab 5 at 3. Although an appellant's withdrawal of an appeal is typically an act of finality that removes the appeal from the Board's jurisdiction and precludes reinstatement, *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010), the Board has recognized that unusual circumstances may warrant a departure from this rule, *e.g.*, *Nazario v. Department of Justice*, 108 M.S.P.R. 468, ¶ 4 (2008). Here, we find such circumstances present; indeed, at the time the pro se appellant filed his April 2, 2021 appeal, his direct mixed-case Board appeal was untimely, and the IRA portion of his claim was not yet ripe for adjudication. 0285 IAF, Tab 1 at 4-5.

[6] Under 5 U.S.C. § 7121(g), an employee subjected to an action appealable to the Board who alleges that the contested action was because of whistleblowing may elect one of the following avenues of redress: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of a negotiated grievance procedure; or (3) the procedures for seeking corrective action from OSC, potentially followed by an IRA appeal. An appellant's first timely filed action determines the exclusive election. *King v. Department of the Air Force*, 116 M.S.P.R. 423, ¶ 8 (2011). Because it is undisputed that the appellant elected to file a complaint with OSC before he appealed to the Board, we find it appropriate to consider the appellant's mixed-case and IRA claims separately, i.e., the appellant may not raise whistleblower reprisal as an affirmative defense in the mixed-case portion of his appeal on remand.

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[7] that he exhausted his administrative remedies before OSC and make nonfrivolous allegations[8] of the following:  (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 11, 14.  Here, the administrative judge concluded that the appellant had failed to make a nonfrivolous allegation that he had made such a protected disclosure or engaged in such protected activity and, therefore, that the Board lacks jurisdiction over the appellant's IRA appeal.  ID at 11-16.  In so concluding, she reasoned that the disclosures at issue, which concerned the agency's purported medical mistreatment/misdiagnoses of the appellant's veteran son, did not involve the type of wrongdoing protected under the statute.  ID at 14.  We discern no basis to disturb any of her conclusions.

For the first time on review, the appellant asserts that he and his wife informed the agency's Office of the Inspector General (OIG) about the agency's purported medical mistreatment of their son; thus, he ostensibly argues that both he and his wife engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).[9]  PFR File, Tab 1 at 17.  We find this argument untimely and, in any event, unavailing.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised

---

[7] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[8] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

[9] A disclosure of information to OIG constitutes protected activity under 5 U.S.C. § 2302(b)(9)(C) regardless of its content.  *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 62.

for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). Indeed, to support this apparent argument, the appellant provides documents suggesting that he and his wife contacted OIG on or about March 4, 2021, and April 1, 2021, respectively.[10] PFR File, Tab 1 at 11-12, 16. Insofar as the appellant was removed from his position on January 20, 2021, however, this activity could not have contributed to his removal. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 10 (2015) (explaining that, because the subject personnel action predated the appellant's protected disclosure, the disclosure could not have contributed to the personnel action), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Thus, we discern no basis to disturb the administrative judge's conclusion that the Board lacks jurisdiction over the IRA portion of this appeal.

## ORDER

For the reasons discussed above, we remand the mixed-case portion of this appeal to the Western Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[10] The appellant also provides documents suggesting that his wife anonymously filed an OIG complaint concerning staffing issues. PFR File, Tab 1 at 13-15. It is unclear when this particular complaint was filed; however, the date "9/12/2018" appears on the same. *Id*. In any event, the appellant does not discernably allege that agency personnel were aware of this anonymous complaint, which was filed over 2 years prior to his removal, or its potential connection to him.